**Chi You LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1575–AG.**

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Peter D. Lobel, New York, New York, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Aileen Bell Hughes, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review the order of the decision of the Board of Immigration Appeals ("BIA") is DENIED.

Chi You Lin petitions for review of the BIA's February 26, 2004 decision denying Lin's application for asylum, withholding of removal and relief under the Convention against Torture (CAT). We presume the parties' familiarity with the underlying facts and procedural history of this matter.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning the factual finding only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). An adverse credibility determination by the agency must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Id.* at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted)). Although minor and isolated inconsistencies "need not be fatal to credibility," *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000), a reasonable adjudicator would not be compelled to find otherwise where an adverse credibility determination is based on inconsistent statements about material matters, *see Zhou Yun Zhang*, 386 F.3d at 74.

The BIA's adverse credibility determination in this matter was based on substantial evidence. The BIA noted specifically that Lin in his asylum application had claimed his wife was sterilized in 1993 at the directive of government officials in China and that he had made no mention of an abortion or threat of abortion in his application. Nevertheless, in his 1995 and 2002 testimony, Lin stated that although both he and his wife were threatened with sterilization and abortion, no such procedures were ever performed. Neither the BIA nor the immigration judge were compelled to accept Lin's explanation that the attorney who had prepared his asylum application was responsible for the material inconsistencies and omissions between his asylum application and testimony. Because the inconsistencies relied upon by the BIA and IJ involved matters central to Lin's claim, they were sufficient to sustain the adverse credibility finding and to deny Lin asylum. *See Secaida–Rosales*, 331 F.3d at 307.

Because Lin's testimony was the only evidence he proffered that he had been subjected to persecution based on China's family planning policies and because his subjective desire to have a son in the future does not provide a competent basis for his claim that he will be subjected to persecution if he is returned to China, the BIA's adverse credibility determination supported both the denial of asylum and withholding of removal. See *Zhou Yun Zhang*, 386 F.3d at 71. It also supported a denial of CAT relief because Lee failed to establish a fact that "formed the only potentially valid basis" for the claim that he would be tortured if returned to China. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.